Replevin will not lie at the suit of a master to recover an apprentice.
It seems that replevin will not lie for a free man.
REPLEVIN for a negro boy; an apprentice. Pleas non cepit and property in the executor of William Morris the late husband of plff.
Case stated.
"The negro boy in the declaration mentioned was, on the 2nd of April 1830, bound as an apprentice to Margaret Hudson, her heirs but the cases are numerous of amendments at common law after issue joined both of fact and law.
Hardy vs. Gilding. Pledges inserted in narr after joinder in demurrer.
Davie vs. Atkinson. Narr amended after joinder in demurrer and one argument.
Brown vs. Crump. New counts added after demurrer.
Bishop vs. Stacey. Amendment allowed after special demurrer and argument.
Mace vs. Lovell. Narr amended after issue joined and therecord made up ready for trial, the proceedings being inpaper and not considered as being of record `till verdict. This amendment was at common law.
3 Salk. 31; 1 do. 47; 1 Petersd. 504. Whilst the narr is in paper, amendments allowed; but when it comes inparchment no amendment allowed except by statute, "for `tisthen a record."
 Co. Litt. 260, a. Record is a memorial in rolls of parchment of the proceedings and acts of a court of justice, c. During the term wherein any judicial act is done the record remaineth in the breast of the judges of the court, and the roll is alterable during the term as the judges shall direct; but after the term is past, then the record is in the roll, and admitteth no alteration.
Steph. Pl. 106. Until the judgment is signed either party is in general at liberty to amend his pleading as at commonlaw.
1 Tidd Pr. 656. It is now settled that after a demurrer or joinder in demurrer either party is at liberty to amend, as a matter of course, whilst the proceedings are in paper.
It appears from these and numerous other authorities that, whatever may be the technical difference between proceedings in paper
and of record, the pleadings were amendable at common law, in the discretion of the court, at any time before judgment. And the constitution gives to this court the same power of allowing amendments. Sec. 16, Art. 6.
If the court possess the power, in what cases shall it be exercised? Is it to be confined to such defects as are bad only on special demurrer, or is it to be extended to all formal defects whatever, whether bad on general or special demurrer. If amendments are to be restricted to the former, the power is of little use; both the reason for its exercise and the authority of adjudged cases extend it beyond this narrow construction.
The object of amendments is the attainment of justice; the correction of errors and mistakes in preparing causes for trial so that they may be determined "according to their real merits." The system of pleading though excellent in itself and conducive to the ends of justice, is obnoxious to the, objection that it sometimes places the decision of causes upon points apart from their merits. The modern practice of the courts in allowing amendments liberally has been with a view to correct this tendency. With respect to defects merely formal, and such as would be bad *Page 221 
and assigns; at the time and before the binding he was a free negro; Margaret Hudson afterwards, became the wife of William M. Morris, who took possession of the said negro apprentice and held him until his death. After his death his executor took possession of the boy and hired him to the deft. The negro boy was duly inventoried and appraised in the estate of William M. Morris. On this replevin the sheriff delivered the said apprentice to the plff. in whose possession he still remains."
Layton, for plaintiff.
The first question is as to the propriety of the action — Will replevin lie for a free boy? Negroes are recognized by our laws as property, and there can be no difference in this respect between a slave and a servant for a limited period. The master is equally entitled to the services of either, and has a qualified property in the servant. The services of the apprentice being a subject of property the master is entitled to the custody of the apprentice and to all such remedies as are needful for obtaining or keeping the possession or custody of his servant. The writ of replevin is the proper remedy wherever property is wrongfully detained. Com.Dig.
Second. Mrs. Morris as the survivor of her husband is entitled to the unexpired term of this boy. Dig. 37. He was bound to her before her marriage with Morris, during that marriage her rights and liabilities under the indenture of course devolved on the husband, but at his death she again became liable to the performance of her covenant to the boy and entitled to his services. There was no actual assignment of the indenture to the husband; it is therefore like a debt due to the wife dum sola, not collected during marriage, and which survives to the widow. In relation to the unexpired time of the boy, Morris never obtained a legal right to it in possession as he might by taking a transfer of the indenture and thus placing himself in the character of an assignee. The binding was to Margaret Hudson, her heirs and assigns — not to executors or administrators — the boy therefore is not transmissible to the executor of the husband nor is such executor bound by any of the stipulations in the indenture.Dig. 42. A different construction violates the contract of the parties which was for service to be rendered to Mrs. Hudson, her heirs and assigns, and not to the executor of her husband, nor even to her own executor or administrator, unless the administrator is named he cannot take as a legal assignee — the word assigns means actual assignee. *Page 222 
And if Mrs. Hudson's administrator would not be entitled under this indenture, much less will the executor of her husband who never placed himself in the character of an actual assignee.
Cullen, for defendant.
Replevin will not lie for a free man; it lies only for goods and chattels, for articles which may be the subject of property. All the right the master possesses even to the services of the apprentice is derived from the act of assembly, and that act gives a specific remedy for the violation of that right, for depriving him of those services by inticing away or harboring his servant. Dig., 41,sec. 16. There is also a common law remedy for harboring an apprentice. If there was nothing in the thing itself inconsistent with the idea of property the specific remedy for the violation of the master's right to the services of his apprentice would distinguish it from other kinds of property and exclude the remedy by action of replevin.
Second, Who is entitled to the services of this boy on the death of his master? He must go either to the executor of that master or he is free. On the marriage of Mrs. Hudson all her right to the boy and interest under the indenture passed to William M. Morris, her husband; passed "by operation of law. She had no control over him or the indenture — she could not have assigned them even to her husband, for her separate character was merged in his. No act of his could give him a more perfect right to the boy than he acquired by the marriage and the actual possession of the boy which he had. It is not therefore like a chose in action not reduced to possession during the husband's life.
Layton, in reply —
Contended that the remedy under the act of assembly for enticing away or harboring an apprentice was not exclusive, but only cumulative. It refers not to a disputed claim to the property in the apprentice, but to acts of wanton violation of the admitted rights of the master.
The 8th section of the act of assembly, (Dig. 38,) expressly recognizes the master's right to the services of the apprentice, and to the "custody and keeping of the apprentice," and to "take and hold him or her," c. Having the power to take and hold and keep the servant for the purpose of obtaining the benefit of his services to which the act acknowledges his right, the mode of executing this power is not by brute force but by those ordinary remedies of the law provided for the recovery of property to which a man is entitled — and by which through the peaceful instrumentality of legal process he takes his property from another who has illegally deprived him of it. The remedy furnished by the act of assembly is not adequate for this purpose — it gives him compensation in damages for enticing away or harboring his apprentice, but it does not restore that apprentice to his custody.
Judgment of non suit, on the first ground taken by deft's. counsel; the court intimating an opinion that the plff. was nevertheless entitled to the unexpired time of the apprentice.